```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

LUIS ENRIQUE RODRIGUEZ, etc.,  )
                               )
               Plaintiff,      )
                               )
     v.                        )     No. 09 C 371
                               )
SAFE COURIERS AND DELIVERY     )
SERVICES, INC.,                )
                               )
               Defendant.      )

## MEMORANDUM OPINION AND ORDER

Safe Couriers and Delivery Services, Inc. ("Safe Couriers") has filed its Answer and Affirmative Defenses ("ADs") to this action brought against it under the auspices of the Fair Labor Standards Act ("FLSA") and two Illinois statutes.[1] Because so many aspects of that responsive pleading are problematic, this memorandum opinion and order is issued sua sponte to send Safe Couriers' counsel back to the drawing board.

To begin with, Safe Couriers' counsel employs the pervasive

---

[1] Because Safe Couriers' counsel did not comply with the express dictates of this District Court's LR 5.2(e), it took a telephone call from a member of this Court's staff to elicit a much belated so-called "courtesy copy" of that pleading just before the previously scheduled July 21, 2009 status hearing date--much belated because the pleading had actually been filed six weeks earlier, on its June 9, 2009 due date. As the Appendix to this Court's just-issued opinion in Cooley v. Board of Education, No. 09 C 2109 reflects, "courtesy copy" is really a misnomer (although this Court has been equally guilty in employing that usage). In any case, both because of counsel's noncompliance with the widely publicized LR, and particularly for the reasons spelled out in the Cooley Appendix, Safe Couriers' counsel is ordered to pay a $100 fine to the Clerk of this District Court on or before filing the amended pleading called for in this opinion.

practice of following narrative responses to a host of paragraphs in the Complaint with this assertion:

> All remaining allegations contained in this paragraph are denied.

That usage frequently makes no sense--what, for example, is really being denied as to the allegations in such paragraphs as Complaint ¶¶1, 2 (in that respect, Complaint ¶2 refers only to a <u>plaintiff's</u> contentions and states them accurately), 3 and 5--and the list goes on?

Further on the subject of denials, this Court's scrutiny of the Answer indicates that counsel has used that locution far too freely. It should be remembered that the basic purpose of a responsive pleading is to identify what things are and what things are not in issue (federal notice pleading principles apply to plaintiffs and defendants alike), so that discovery and all other post-pleading procedures can be focused appropriately on those matters. When Safe Couriers' counsel prepares the amended pleading called for by this opinion, greater care should be given in that respect.

Next, Answer ¶¶4, 6 and 40[2] invoke the formulation prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) to get the benefit of deemed denials. In addition to the somewhat careless use of "knowledge <u>and</u> information" rather than Rule 8(b)(5)'s phrase

---

[2] If this Court's review has inadvertently missed other paragraphs, what comes next in the text applies there as well.

"knowledge or information" (a slip that creates a less demanding standard for the disclaimer), counsel follows the prescribed formulation by asserting "and therefore deny same" as to the Complaint's corresponding allegations. That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken wherever it appears in the Answer.

Next, Answer ¶10 states erroneously that "no answer is required" to the Complaint's allegations of what are labeled "legal conclusions." Not so--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill 2001).

Finally, no fewer than 11 purported ADs (plus a statement that Safe Couriers reserves the right to add more) follow the Answer. In that respect, counsel's attention is called to App. ¶5 to State Farm. In addition:

    1. AD 1, which is the equivalent of a Rule 12(b)(6) motion, is particularly ill considered. When the Complaint's allegations are accepted as true, as they must be for AD purposes, any such motion fails. AD 1 is therefore stricken.

    2. ADs 2, 3, 4 and 11 are wholly at odds with the concept of notice pleading--a boilerplate regurgitation of defenses listed in Rule 8(c) gives no clue as to what is

3

really at issue. Those ADs are also stricken, but with leave to reassert any such ADs in a fleshed-out form that renders then sufficiently informative.

3. That same fleshing-out requirement applies with equal force to ADs 5 through 10. Safe Couriers is expected to bring those issues forward for resolution by an appropriate Rule 16 motion at an early date, with the goal of narrowing the controversy between the parties if that is feasible.

4. AD 12 is stricken as needless. If new defenses do become known in the future, they will have to be tested in light of the procedural situation at that time.

Because so much of the responsive pleading requires reworking, the entire existing Answer and ADs will be stricken, but Safe Couriers' counsel is granted leave to file a self-contained Amended Answer and ADs on or before August 7, 2009. No charge is to be made to Safe Couriers by its counsel for the added work and expense incurred in correcting counsel's errors. Safe Couriers' counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: July 21, 2009